Filed 6/16/23  P. v. Kendrick CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B317126 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA073204 |
| TONY KENDRICK, Jr., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge. Reversed and remanded with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Tony Kendrick, Jr. (Kendrick) was convicted of first degree burglary, assault by means of force likely to produce great bodily injury, and dissuading a witness. The trial court sentenced Kendrick to 24 years in prison, selecting the upper terms for the burglary and assault convictions. In Kendrick's first appeal, we struck three one-year enhancements imposed under Penal Code[1] section 667.5, subdivision (b) (prison priors), vacated Kendrick's sentence, and remanded the matter for resentencing. We also noted that on remand, Kendrick could challenge the court's imposition of fines and fees. We otherwise affirmed the judgment and denied Kendrick's petition for writ of habeas corpus.

On remand, the court resentenced Kendrick—without him or any defense counsel present—to 21 years in prison, choosing the same terms as Kendrick's original sentence but without the three prison priors. After Kendrick was resentenced, the California Legislature enacted Senate Bill No. 567 (S.B. 567), which amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of punishment. (Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1) & (2).)

Kendrick appeals, arguing the court prejudicially erred when it held the new sentencing hearing without him or his counsel present. We agree and remand the matter for a new sentencing hearing at which Kendrick is entitled to be present, unless he chooses to waive that right. On remand, the court shall reconsider Kendrick's sentence in light of S.B. 567.

---

[1] All undesignated statutory references are to the Penal Code.

## BACKGROUND[2]

The People charged Kendrick with first degree residential burglary (§ 459; count 1) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2). The People further alleged that Kendrick suffered two prior serious felony convictions (§§ 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d)) and served five prior prison terms. The prosecution later amended the information to add count 3, dissuading a witness (§ 136.1, subd. (b)).

Following a jury trial, Kendrick was found guilty as charged. In a bifurcated proceeding, the court found true one strike allegation, one prior serious felony allegation, and three prison prior allegations.

On February 26, 2019, the court held the sentencing hearing, at which Kendrick appeared in pro. per. The court sentenced Kendrick to 24 years in prison as follows: (1) the high term of 6 years for count 1, doubled to 12 years under the Three Strikes Law, plus 5 years for the prior strike and 3 years for the prison priors; (2) the high term of 4 years for count 2, doubled to 8 years under the Three Strikes Law, to run concurrently with count 1; and (3) the middle term of 2 years for count 3, doubled to 4 years under the Three Strikes Law, to run consecutively to count 1. As for fines and fees, the court imposed a $7,200 restitution fine, a $30 criminal conviction fee, and a $40 court security fee, and it imposed but stayed a $7,200 parole revocation restitution fine.

---

[2] A summary of the facts underlying Kendrick's convictions can be found in our prior nonpublished opinion, *People v. Kendrick* (Feb. 17, 2021, B296061).

In Kendrick's first appeal, we struck the three prison priors, vacated Kendrick's sentence, and remanded the matter for resentencing. We declined to reach Kendrick's claim that he was entitled to an ability to pay hearing, noting that Kendrick "may raise any challenge to the fees or fines at the resentencing hearing." In all other respects, we affirmed the judgment.

The court held a new sentencing hearing on June 16, 2021. A prosecutor appeared but neither Kendrick nor defense counsel was present. According to the court, Kendrick was ordered out of custody, but "[h]e was not transported." The court decided to proceed without any representative for the defense because "[t]here is no discretion, [the court's] simply following a remittitur." The court sentenced Kendrick to 21 years in prison, imposing the same terms as Kendrick's original sentence without the three prison priors. The court also imposed "all other conditions" from the original judgment.[3]

Kendrick appeals.

## DISCUSSION

A criminal defendant has a federal and state constitutional right to appear at "all critical stages of a criminal prosecution," including at sentencing and resentencing proceedings. (*People v. Doolin* (2009) 45 Cal.4th 390, 417, 453; *People v. Rodriguez* (1998)

---

[3] The court awarded Kendrick 1,222 actual custody credits, while Kendrick's abstract of judgment reflects he is entitled to only 1,221 custody credits. The abstract of judgment must be corrected to reflect that Kendrick is entitled to 1,222 actual custody credits. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [" 'a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts' "].)

4

17 Cal.4th 253, 260.) A defendant also has a statutory right to appear at such hearings. (*People v. Nieves* (2021) 11 Cal.5th 404, 508.) A defendant may waive the right to personally appear if his waiver is " 'voluntary, knowing and intelligent.' " (*Ibid.*) To constitute a valid waiver, there must be at least "some evidence that the defendant understood the right he was waiving and the consequences of doing so." (*People v. Davis* (2005) 36 Cal.4th 510, 531.)

The People contend the court did not violate Kendrick's right to appear at the June 16, 2021 resentencing hearing because the record indicates Kendrick was present at that hearing or, at the very least, he waived his right to appear at the hearing. This argument is not well-taken.

The People point to two-minute orders included in the record, both of which are dated June 16, 2021. The first minute order, which has an 8:30 a.m. timestamp, states that "[d]efendant is not present in court, and not represented by counsel." That order also states that "defendant waived his personal appearance for this hearing." The order then sets out Kendrick's new sentence imposed at the June 16, 2021 resentencing hearing.

The second minute order, which has a 9:00 a.m. timestamp, states that "[d]efendant is present in court, and not represented by counsel[.] [¶] Defendant appears in pro per." The second minute order also states that it is modifying, nunc pro tunc, the minute order from February 26, 2019—i.e., the date of Kendrick's original sentencing hearing. The 9:00 a.m. minute order includes the same description of Kendrick's new sentence that appears in the 8:30 a.m. minute order.

As for the 9:00 a.m. minute order, the People argue we can infer it establishes Kendrick appeared at the June 16, 2021

resentencing hearing. We disagree. In the reporter's transcript from that hearing, the court noted that it had ordered Kendrick out of custody for resentencing, but he was not transported to the courthouse. The court explained that it was proceeding with resentencing without Kendrick present because it believed it had no sentencing discretion. Nothing in the reporter's transcript from that hearing otherwise suggests Kendrick appeared at the resentencing hearing.

Since the reporter's transcript, and not the clerk's transcript, reflects the court's pronouncement of judgment, we must resolve the discrepancy between the 9:00 a.m. minute order and the reporter's transcript from the June 16, 2021 resentencing hearing in favor of the reporter's transcript.[4] (*People v. Mesa* (1975) 14 Cal.3d 466, 471; see also *In re P.A.* (2012) 211 Cal.App.4th 23, 30, fn. 4 [" '[c]onflicts between the reporter's and clerk's transcripts are generally presumed to be clerical in nature and resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise' "].) Thus, we cannot infer from the 9:00 a.m. minute order that Kendrick appeared at the resentencing hearing.

Nor can we infer from the 8:30 a.m. minute order that Kendrick waived his personal appearance at the June 16, 2021 resentencing hearing. Nothing in the reporter's transcript

---

[4] Indeed, the notation in the 9:00 a.m. minute order that Kendrick appeared in pro. per. appears to be a holdover from the February 26, 2019 minute order, which the 9:00 a.m. minute order modified "nunc pro tunc." The February 26, 2019 minute order includes the exact same notation that the People rely on here—i.e., "[d]efendant is present in court, and not represented by counsel[.] [¶] Defendant appears in pro per."

indicates Kendrick waived his presence at that hearing. As we just explained, the court noted only that Kendrick had been ordered out of custody, but he was not transported to the courthouse. No defense counsel appeared to communicate any waiver on Kendrick's behalf, and the court did not address any waiver executed by Kendrick. Nor does a waiver appear anywhere else in the record. (See *People v. Davis*, *supra*, 36 Cal.4th at p. 531 [there must be evidence that the defendant understood the right he was waiving and the consequences of doing so].) For the same reasons discussed above, we must presume the reporter's transcript, which contains no indication that Kendrick waived his right to personally appear at resentencing, controls over the conflicting 8:30 a.m. minute order. (*In re P.A.*, *supra*, 211 Cal.App.4th at p. 30, fn. 4.)

Because Kendrick was not present at the June 16, 2021 resentencing hearing, and nothing in the record establishes he waived his right to appear at that hearing, the court violated Kendrick's right to be present at resentencing. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*).) We therefore must determine whether Kendrick's absence from resentencing was harmless beyond a reasonable doubt. (*Ibid*., citing *Chapman v. California* (1967) 386 U.S. 18, 23.) Under that standard, the People must establish beyond a reasonable doubt that Kendrick's absence did not affect the outcome of resentencing. (*People v. Rutterschmidt* (2012) 55 Cal.4th 650, 661.)

Kendrick's absence from the resentencing hearing was not harmless beyond a reasonable doubt. As our Supreme Court has explained, where, as here, "part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its

sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) In exercising its discretion on remand, a court may consider " ' "any pertinent circumstances which have arisen since the prior sentence was imposed." ' " (*Cutting*, *supra*, 42 Cal.App.5th at p. 350, quoting *Buycks*, at p. 893.) For instance, a court may consider mitigating factors that arose after the defendant's original sentencing, such as the defendant's expressions of remorse or pleas for leniency. (*Cutting*, at p. 350; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460 ["it is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed"].)

In our prior opinion, we noted that Kendrick could raise on remand any challenges to the court's imposition of fines and fees.[5] But by conducting the resentencing hearing without Kendrick, let alone a representative for him, present, the court deprived Kendrick of the opportunity to present evidence or argument about his ability to pay the restitution fine or other fees imposed by the court. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 388–389 ["When a restitution fine is imposed in the absence of

---

[5] Curiously, the People assert Kendrick forfeited any challenge to the court's imposition of fines and fees because he did not raise that issue at the original sentencing hearing. We reject this argument because we expressly authorized Kendrick to raise the issue on remand. (See *People v. Leon* (2016) 243 Cal.App.4th 1003, 1023 [courts may exercise discretion to reach sentencing issues that were not raised in the trial court].)

the defendant, the defendant has no opportunity to address the propriety of imposing the fine or its amount"]; see also *People v. Nieves*, *supra*, 11 Cal.5th at p. 508 [restitution is " 'a significant aspect of a criminal sentence' " at which a criminal defendant has a right to appear].) Additionally, without being present, Kendrick was unable to advocate for the court, in exercising its discretion to reconsider his entire sentence, to impose more lenient terms of imprisonment. (*Cutting*, *supra*, 42 Cal.App.5th at p. 350.)

For the foregoing reasons, we cannot conclude that the court's decision to resentence Kendrick in his absence was harmless beyond a reasonable doubt. (*Cutting*, *supra*, 42 Cal.App.5th at p. 350 [defendant's absence from resentencing was not harmless beyond a reasonable doubt because defendant "may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency"].) Thus, the matter must be remanded for a new sentencing hearing at which Kendrick is entitled to appear, unless he waives that right.[6] At resentencing, the court shall reconsider Kendrick's sentence in light of S.B. 567. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 465 [S.B. 567's "ameliorative amendments to section 1170, subdivision (b) apply retroactively to all cases not yet final as of January 1, 2022"].) Kendrick may raise, and the court shall consider, challenges to the fees or fines at the resentencing hearing.

---

[6] Because we are vacating Kendrick's sentence and remanding the matter for a new sentencing hearing, we need not address the other arguments Kendrick raises on appeal.

## DISPOSITION

The sentence is vacated, and the matter is remanded for further proceedings consistent with the views expressed in this opinion. The trial court is directed to correct the abstract of judgment to reflect the award of 1,222 days of actual custody credits and forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

HEIDEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.